# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Christopher Cole<br>    *Plaintiff*<br><br>v.<br><br>Equifax Information Services, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 West Main Street<br>    Frankfort, KY 40601<br><br>Trans Union, LLC<br>    *Defendant*<br>Serve:<br>    The Prentice Hall Corp. System<br>    421 West Main Street<br>    Frankfort, KY 40601 | Case No. 3:17-CV-126-DJH |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for damages for Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Like many of his fellow Americans, Plaintiff Christopher Cole was hurt by the great economic recession that began in 2008. As a result of the economic crisis, Mr. Cole fell behind on some of his debts and defaulted on some of these, including a credit card debt to Chase Bank USA, N.A. ("Chase") and a medical debt to Norton Hospitals, Inc. ("Norton"). The Chase Bank USA debt was purchased by, and assigned to First Resolution Investment Corporation ("First Resolution"). Thereafter First Resolution and Norton sued Mr. Cole in Kentucky state court in an attempt to collect the debts and both obtained default judgments against him. Mr. Cole was later able to pay off the judgments in full. Subsequently First Resolution filed a notice of satisfaction of judgment in its case on September 15, 2016, and Norton filed a notice of satisfaction of judgment in its case on June 23, 2015.

3. Equifax and Trans Union each failed to update Mr. Cole's consumer credit report to reflect that the First Resolution and Norton judgments had been satisfied and each incorrectly published that the First Resolution and Norton judgments were unsatisfied with positive balances still due.

4. As a result of the inaccurate credit information published by Equifax and Trans Union as to the First Resolution and Norton judgments Mr. Cole was denied credit and had to pay more for credit.

5. Equifax and Trans Union each have a systematic proprietary procedure and/or protocol to gather and report as public records derogatory civil judgments in consumer reports that they publieh to end users of such reports.

6. But Equifax and Trans Union do not maintain systematic procedures or protocols to gather information from public records when civil judgments are satisfied, vacated, or appealed.

7. Equifax and Trans Union's failure to use the same care in updating information on judgments that it uses in initially gathering information about judgments results in materially false and inaccurate negative credit information concerning satisfied, vacated, or non-final judgments being published concerning numerous Kentucky consumers to users of Equifax and Trans Union's consumer credit reports.

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

9. Plaintiff Christopher Cole is a natural person who resides in Jefferson County, Ky. Mr. Cole is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

11. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

12. As a result of the great economic recession of 2008, Mr. Cole suffered economic harm and loss which caused him to fall behind and default on some of his debts and obligations, including a credit card account with Chase Bank (USA), N.A. ("Chase") and a medical debt to Norton Hospitals, Inc. ("Norton").

13. Chase charged off Mr. Cole's account and assigned it to First Resolution Investment Corp. ("First Resolution"), which sued him on September 25, 2014 to collect the debt.

14. First Resolution later moved for and was granted a default judgment against Mr. Cole, which was entered of record on November 13, 2014.

15. Norton sued Mr. Cole on August 21, 2014 in order to collect the Norton debt and obtained a default judgment against Mr. Cole, which was entered of record on December 31, 2014.

16. Mr. Cole paid off the First Resolution and Norton default judgments in full and thereafter Norton filed a notice of satisfaction of record in the Norton case on June 23, 2015 and First Resolution filed a notice of satisfaction of record in the First Resolution case on September 15, 2016.

17. The filed notices of satisfaction in the First Resolution and Norton cases are public records that are freely and readily available to all.

18. In September of 2016, Mr. Cole obtained copies of his consumer credit report from Defendants Equifax and Trans Union.

19. Mr. Cole's September consumer credit reports from Equifax and Trans Union each inaccurately stated in the section of the report devoted to information concerning public records that both the First Resolution and Norton judgments remained unpaid and unsatisfied with positive amounts still due and owing.

20. As direct and proximate result of the inaccurate public record credit information that Experian falsely and incorrectly published to one or more of its subscribers and/or users of

its consumer reports in connection with the First Resolution and Norton judgments Mr. Cole was denied credit and/or financing because Equifax and Trans Union each incorrectly reported that the First Resolution and Norton judgments were not satisfied and that a positive balance was still owed on each of the judgments.

21. The conduct of Equifax and Trans Union as set out in paragraph 1 – 20 *supra* that Equifax and Transunion each independently, negligently or willfully failed to update the information it reported, and continues to report, on Mr. Cole' consumer credit report to accurately reflect that the First Resolution and Norton Judgments had been satisfied has damaged Plaintiff Cole by lowering his credit score.

22. As a result of the inaccurate credit information reported by Equifax and Trans Union due to its negligent or willful failure to maintain reasonable procedures to assure maximum possible accuracy as set out in paragraphs 1 – 21 *supra*, Mr. Cole was denied credit and financing, or received credit on less favorable terms because the Equifax and Trans Union falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the First Resolution and Norton Judgments were each unpaid and unsatisfied and that positive balances were still owed on the First Resolution and Norton Judgments.

23. Equifax and Trans Union each failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Cole and the First Resolution and Norton judgments.

24. Equifax and Trans Union's reporting of the First Resolution and Norton Judgments was unpaid and unsatisfied was inaccurate and violated 15 U.S.C. § 1681e(b). Equifax and Trans Union each failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Cole' credit reports and credit files it publishes and maintains concerning Mr. Cole since if Equifax and Trans Union each had reasonable procedures in place, Equifax and Trans Union would have discovered that Midland had filed notices of satisfaction in the First Resolution and Norton cases *before* publishing Mr. Cole' credit report to its subscribers and users of its consumer reports in connection with Mr. Cole' loan and credit applications.

25. Equifax and Trans Union each have a routine, systematic procedure to carefully gather and report derogatory judgments and judgment liens entered against consumers in the consumer reports that they furnish to users of their consumer reports, but neither has such routine, systematic procedures to gather and report information from the same courts for judgments and judgment liens when they become paid and released and to assure maximum possible accuracy.

26. Equifax and Trans Union willfully or negligently failed to use and maintain the necessary procedures to assure maximum possible accuracy of the public-record information section of Mr. Cole's consumer credit reports that each published to third-party users and subscribers. Consequently, Equifax and Trans Union each reported materially false and inaccurate negative credit information concerning Mr. Cole' paid and satisfied First Resolution and Norton Judgments, *i.e.* each falsely reported that the First Resolution and Norton judgments remained unsatisfied and due and owing *after* entry of a satisfaction of judgment in each case.

## CLAIMS FOR RELIEF

I.   **Claims against Equifax Information Services, LLC**

27. Plaintiff Christopher Cole restates each of the allegations in the preceding paragraphs as if fully set forth herein.

28. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Cole and the satisfied First Resolution and Norton Judgments.

29. Equifax was on clear notice that the failure to update public records with respect to judgments could be the basis for liability of Equifax to consumers since it had defended and settled other lawsuits raising the same issue in this and other jurisdictions has been filed against Equifax in this and other jurisdictions for the same failure.

30. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, attorney's fees and costs.

31. In the alternative, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

II.  **Claims against Trans Union, LLC**

32. Plaintiff Christopher Cole restates each of the allegations in the preceding paragraphs as if fully set forth herein.

33. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Cole and the satisfied First Resolution and Norton Judgments.


34. Trans Union was on clear notice that its failure to update public records with respect to judgments could be a basis for liability of Trans Union to consumers since it had defended and settled other lawsuits which had raised the same issue against Trans Union in this and other jurisdictions.

35. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, Plaintiff's attorney's fees and costs.

36. In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Cole requests that the Court grant him the following relief:

1. Award the maximum amount of statutory damages for Mr. Cole against each Defendant under 15 U.S.C. §1681n;

2. Award Plaintiff actual damages against each Defendant under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff punitive damages against each Defendant for its willful violations of the FCRA as alleged *supra* pursuant to 15 U.S.C. § 1681n;

5. Award Plaintiff Attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief which the court may deem Plaintiff entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309

james@creditdefenseky.com
hays@creditdefenseky.com